IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LEOTIS ALLEN, § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:07-CV-504-A |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Leotis Allen, ID #576847, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), and is currently incarcerated at Bridgeport, Texas.

Respondent Nathaniel Quarterman is the Director of TDCJ.

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 8, 1991, pursuant to plea bargain agreements, Allen pleaded guilty to possession

of a controlled substance and felony theft in the Criminal District Court Number One of Tarrant County, Texas, and was sentenced to twenty-two and twenty years' confinement, respectively. (1State Habeas R. at 24-29; 2State Habeas R. at 26-31.)[1] The Texas Board of Pardons and Paroles (the Board) approved Allen for release in July 2007, however, due to a major disciplinary violation, the Board withdrew its previous approval, voted that Allen "serve all" of his sentence(s), and assigned him a new projected release date of March 20, 2008. (Resp't Motion to Dismiss, Exhibit A, at 1-4; 1State Habeas R. at 17.)

He filed two state habeas applications, raising the issues presented, which were denied without written order by the Texas Court of Criminal Appeals on July 25, 1997. *Ex parte Allen*, Application Nos. WR-67,974-01 & WR-67,974-02, at cover. Allen filed the instant federal petition for writ of habeas corpus on August 23, 2007.[2] Quarterman has filed a motion to dismiss the petition with supporting documentary exhibits, to which Allen has replied.

## D. ISSUES

By way of this petition, Allen appears to challenge the Board's denial of his release to parole and/or mandatory supervision and the calculation of his new projected release date as a result of the loss of 30 days' good time following a disciplinary violation. (Petition at 1; Pet'r Memorandum of Law at 1-3.)

## E. RULE 5 STATEMENT

Quarterman does not contend Allen's petition is successive, time-barred, or that his claim

---

[1] "1State Habeas R." refers to the record of Allen's state habeas application no. WR-67,974-01; "2State Habeas R." refers to the record of his state habeas application no. WR-67,974-02.

[2] Allen also filed an action in this Court pursuant to 42 U.S.C. § 1983, which was dismissed on November 8, 2007. *Allen v. Quarterman*, No. 4:07-CV-659-A.

is unexhausted. (Resp't Motion to Dismiss at 3.)

To the extent Allen challenges the Board's denial of his release on parole, his claims fail. Although he may be eligible for parole, Texas law does not create a due process liberty interest in parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). To the extent Allen challenges the Board's denial of his release on mandatory supervision, he has not shown that he is eligible and has been denied mandatory supervision release. In fact, under the law in effect at the time Allen committed the underlying offenses in 1991, it appears he is ineligible for mandatory supervision based on his prior burglary conviction(s). *See* Act of May 28, 1989, 75th Leg., R.S., chap. 785, § 5.01, 1989 Tex. Gen. Laws 3471, 3537.

Finally, to the extent Allen challenges TDCJ's calculation of his new projected release date following the loss of 30 days' good time, he has not demonstrated that the state courts' determination of the claim is contrary to, or involves an unreasonable application of, clearly established federal law on the issue or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999);

*Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Implicit in the state court's denial of Allen's state habeas applications was an agreement with or acceptance of TDCJ's calculation of Allen's new projected release date. *See Fuhrman v. Dretke*, 442 F.3d 893, 901 (5th Cir. 2006). Allen has not rebutted the presumption of correctness of the state court's determination.

## II. RECOMMENDATION

Allen's petition for writ of habeas corpus should be DENIED. Any pending motions not previously ruled upon should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 21, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 21, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 30, 2007.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE