U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 21 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEOTIS ALLEN, §
§
Petitioner, §
§
VS. § NO. 4:07-CV-504-A
§
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
§
Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Leotis Allen is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus. The court has determined that such petition is properly construed as filed pursuant to both 28 U.S.C. §§ 2241 and 2254.

Petitioner seems to challenge the decision of the Texas Board of Pardons and Paroles (the "Board") to deny his release to parole and/or mandatory supervision and its calculation of his new projected release date following the loss of thirty days' good-time credit as a result of a disciplinary violation. "Section 2241 . . . is the proper habeas remedy for challenging the execution of a sentence." Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). But see Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would

have resulted in their immediate or sooner release from prison, fall under § 2254."). Petitioner does not appear to take issue with his denial of his good-time credit; rather, his complaint in this respect seems to be limited to Board's conclusions and calculations following such denial. Thus the court concludes that such claims are properly considered under § 2241.

Petitioner presented the claims described above, or something similar, in a state-court habeas petition. Insofar as petitioner argues that the state court erred in denying such petition, that claim is properly construed under 28 U.S.C. § 2254.

On November 30, 2007, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that Perry file objections, if any thereto, by December 21, 2007. Perry timely filed his objections. For the reasons discussed below, the court concludes that petitioner's petition should be denied.[1]

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980).

---

[1] Though the Magistrate Judge did not characterize some of petitioner's claims as having been brought under 28 U.S.C. § 2241, as described above, the characterization of petitioner's claims proves to be harmless because the Magistrate Judge applied the proper standards, properly considered petitioner's claims, and gave petitioner the opportunity to object to his findings and conclusions.

2

The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Perry's petition be denied. To the extent petitioner challenges the Board's denial of his release on parole, he does not have a constitutional expectancy of parole as would entitled him to any relief. See Malchi, 211 F.3d at 956; Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). To the extent petitioner challenges the Board's denial of his release on mandatory supervision, he has not shown that he is eligible, and, under the law in effect at the time he committed the underlying offenses in 1991, he appears to be ineligible based on prior burglary conviction(s). See Act of May 28, 1989, 75th Leg., R.S., chap. 785, § 5.01, 1989 Tex. Gen. laws 3471, 3537. To the extent petitioner challenges the state court's disposition on his state habeas petition, he has not shown that such court's determination of the claim is contrary to, or involves an unreasonable application of, clearly established federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

In his objections, petitioner seems to argue that, although the disciplinary action only resulted in a loss of thirty days of good time, his sentenced was extended by nine months. He concludes that such extension is the result of a miscalculation, and that the state court erred in failing to detect such

3

miscalculation in his state habeas petition. As the Magistrate Judge notes, however, the time in excess to the thirty-day loss is attributable to the Board's vote that petitioner serve all the time to which he was sentenced. Petitioner is thus not entitled to any relief on this objection, and he has not otherwise addressed the findings, conclusions, and recommendation of the Magistrate Judge.

Therefore,

The court accepts the findings, conclusions, and recommendation of the Magistrate Judge and ORDERS that the petition of Leotis Allen for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 be, and is hereby, denied.

The court further ORDERS that all motions not previously ruled on in the above-captioned action be, and are hereby, denied.[2]

SIGNED December 21, 2007.

JOHN McBRYDE
United States District Judge

---

[2] With his objections, petitioner filed a request for certificate of appealability. Such request is denied without prejudice to refiling.

4